# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHANNON WORD,**

    **Plaintiff,**

v.                                        Case No: 6:18-cv-1914-Orl-28GJK

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**

    **Defendant.**

## ORDER

This case is before the Court *sua sponte*.

Federal courts have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Plaintiff Shannon Word filed this case in state court, and Defendant, Prudential Insurance Company of America, removed it to this Court. (Notice of Removal, Doc. 1). In its Notice of Removal, Prudential relies on 28 U.S.C. § 1332, asserting that subject-matter jurisdiction exists based on the parties' diverse citizenship. However, the allegations in the Notice of Removal do not establish that the parties are diverse.

Prudential adequately alleges its own citizenship, explaining that it is a citizen of New Jersey because it is incorporated there and has its principal place of business there. (Doc. 1 ¶ 10). But as to Plaintiff, Prudential alleges that "Plaintiff is a resident and a citizen of the State of Ohio," citing an August 6, 2016 Beneficiary Statement "signed by Plaintiff and showing Florida address." (Id. ¶ 8 (emphasis added)). The cited Beneficiary

Statement (Doc. 1-2 at 16) indeed reflects a Florida address for Plaintiff, which contradicts Prudential's allegation that Plaintiff is a citizen of Ohio.[1] Thus, the Court cannot discern Plaintiff's citizenship from the Notice of Removal.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, it is **ORDERED** that **no later than Friday, March 8, 2019**, Prudential shall file an amended notice of removal that establishes the parties' diverse citizenship under 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Orlando, Florida, on February 25, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] Of course, "[d]iversity of citizenship, not of residence, is required under 28 U.S.C. § 1332." Cong. of Racial Equal. v. Clemmons, 323 F.2d 54, 58 (5th Cir. 1963). Thus, an allegation that a party is a resident of a particular state is not sufficient to allege the citizenship of that party. Id.

2